**UNITED STATES ex rel. and for Use of TENNESSEE VALLEY AUTHORITY v. HARRIS et al.**

**No. 9474.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 5, 1940.

Williams C. Fitts, Jr., Gen. Counsel, Tenn. Valley Authority, of Knoxville, Tenn., and H. James Hitching, Asst. Gen. Counsel, Tenn. Valley Authority, of Chattanooga, Tenn., for appellant.

F. E. Throckmorton, of Tuscumbia, Ala., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The United States of America owned a 42.9-acre tract of land in Colbert County, Alabama, subject only to certain outstanding mineral rights owned by John F. Harris, and others. Under the provisions of Section 25 of the Tennessee Valley Authority Act of 1933, 48 Stat. 58, 70, 16 U.S.C.A. § 831x, the government filed its petition to condemn the mineral rights in the tract. A commission appointed by the District Court made an award of $300, and both the government and the owners excepted to the award. Three district judges heard the exceptions and, with one judge dissenting, entered an award of $500. The government has appealed.

The owners of the mineral rights insist that sand and gravel on the tract belonged to them under their mineral grant, and contend that the award made by the three district judges is inadequate to compensate them for their loss. They claim title to the gravel under two deeds: The first deed is a register's deed which conveys, "All minerals including iron, coal, bauxite, sylica and other metals and minerals, and all rights thereto, in, under, and upon" the property. The second deed is from Ida L. Bryant, and others, and purports to convey, "All the right, title and interest in and to the mineral rights, and minerals in, upon and under (the lands) * * * including iron, asphalt, sylica, or quartz

344

* * *." The appellees stipulate that "the sand and gravel upon in and under said land constituted all the mineral interest and that there was no other mineral in upon and under said land."

The government contends that the deeds conveying mineral rights did not convey the sand and gravel claimed by the appellees; that the sand and gravel were without commercial value; and that the awards of the commissioners and judges should not have been made.

■ The term "minerals" in conveyances or reservations is not limited to metallic substances, and the courts have experienced no little difficulty in construing grants purporting to convey or reserve mineral interests. The meaning of the term "minerals", as used in any particular grant or reservation, is not to be determined by the adoption of rigid and arbitrary definitions, but from the language of the grant or reservation, the surrounding circumstances, and the intention of the grantor, if it can be ascertained. The Supreme Court of Alabama adheres to this rule of construction. McCombs v. Stephenson et al., 154 Ala. 109, 44 So. 867; Cf. Brady v. Smith, 181 N.Y. 178, 73 N.E. 963, 106 Am.St.Rep. 531, 2 Ann.Cas. 636; Armstrong v. Lake Champlain Granite Co., 147 N.Y. 495, 42 N.E. 186, 49 Am.St. Rep. 683; Deer Lake Co. v. Michigan Land & Iron Co., 89 Mich. 180, 50 N.W. 807; Phelps v. Church of Our Lady, 3 Cir., 115 F. 882; Hartwell v. Camman, 10 N.J.Eq. 128, 64 Am.Dec. 448; Beury v. Shelton, 151 Va. 28, 144 S.E. 629.

The tract of land in question is located in a hollow between two hills. The deposit upon which this claim is based consists of Tuscaloosa gravel most of which, according to the evidence, washed down from adjacent hills into the hollow. The surface of the 42.9-acre tract consists of a fifteen or twenty foot layer of debris, chert, silt, sand, and limestone—a deposit of little commercial value.

■ After a careful consideration of the record, and without regard to the awards or findings of the commissioners and district judges, we find the value of the mineral interests to be one dollar per acre as of October 1, 1938. A total award of forty two dollars and ninety cents is made to the appellees.